| , DREW, J.
This court in State v. Mason, 37,486 (La.App. 2d Cir.12/10/03), 862 So.2d 1077 (Drew and Peatross, Brown dissenting), reversed defendant’s adjudication and sentence because of an error in the habitual offender adjudication. The matter was remanded to the trial court.
Now, after being properly adjudicated as a second felony offender, the appellant returns to this court with the identical 49.5 year hard labor sentence, without benefits, *1252 alleging that the sentence is excessive. We disagree, and accordingly affirm.
FACTS
This court’s previous opinion recited the ugly facts of this crime. On October 17, 2000, this defendant and Darylon D. Green ordered pizzas by telephone, to be delivered to a vacant house on Joannes Street in Bossier City. When the pizzas arrived, Mason robbed the delivery man at gunpoint, requiring him to strip naked. Mason relieved the delivery person of approximately $48.00[1] and stole the delivery van. The victim was not physically harmed.
Mason was duly arrested, tried, and convicted of armed robbery with a firearm, La. R.S. 14:64 and La. R.S. 14:64.3, which was Mason’s second felony conviction. He was adjudicated as such. The learned trial court, after thoughtful consideration, imposed the statutorily-mandated minimum sentence, which the defendant now appeals.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show [2that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983); State v. Dunn, 30,767 (La.App. 2d Cir.6/24/98), 715 So.2d 641. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are a defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense, and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App. 2d Cir.4/2/97), 691 So.2d 864.
Second, a sentence violates La. Const, art. 1, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
| a A trial court has broad discretion to sentence within the statutory limits. Absent a showing of manifest abuse of that discretion, an appellate court may not set aside a sentence as excessive. State v. Guzman, 99-1528, 99-1753 (La.5/16/00), 769 So.2d 1158.
 The determination of an appropriate minimum sentence by the legislature should be afforded great deference by the judiciary. State v. Green, 36,741 (La.App.2d Cir.3/5/03), 839 So.2d 970, writ denied, 2003-0973 (La.11/7/03), 857 So.2d 517. While downward departures from the statutory minimum are justifiable in unusual circumstances, the appellant did not file any pleadings seeking to invoke the holding of State v. Dorthey, supra, relative to any alleged miscarriage of justice in his sentencing. The defendant’s *1253 showing falls far short of clearly convincing us that he is the exceptional defendant. The trial court adequately considered defendant’s background before the lightest sentence available under the law. Accordingly, the defendant is not entitled to a downward departure from the statutory minimum.
Armed robbery is, by definition, a dangerous crime, which often leads to death or serious injury. The victims of armed robbery are often physically harmed or otherwise traumatized for life. On this record, we can find no error in the imposition of this sentence, which most assuredly does not shock the sense of justice, and is not a needless infliction of pain. The penalty is admittedly harsh, though not unduly so. The legislatively-mandated sentence is severe, precisely because the crime of armed robbery 14is so reprehensible, even more so when committed by one who is already a felon.

DECREE

The defendant’s sentence is affirmed.

. And the pizza, presumably.