STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-680

STATE OF LOUISIANA

VERSUS

PATRICK THIBODEAUX

**************
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 03-1617
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

**************
SYLVIA R. COOKS
JUDGE
**************

Court composed of Sylvia R. Cooks, Michael G. Sullivan, and James T. Genovese, Judges.

**AFFIRMED AS AMENDED.**

Bruce G. Whittaker
Louisiana Appellate Project
3316 Canal Street
New Orleans, Louisiana 70119
(504) 822-5220
COUNSEL FOR APPELLANT:
    Patrick Thibodeaux

Jeffrey J. Trosclair
Assistant District Attorney
St. Mary Parish Courthouse
Franklin, Louisiana 70538
(337) 828-4100
COUNSEL FOR APPELLEE:
    State of Louisiana

**COOKS, Judge.**

## STATEMENT OF THE FACTS

On September 30, 2003, the Defendant, Patrick Thibodeaux, and Freddie Hanley, entered a Mini Mart food store located at 800 West Admiral Doyle in New Iberia, Louisiana. They were masked with bandanas and armed with a Tec-9 automatic weapon. When the men entered the store, they ran behind the counter brandishing their weapon, and demanded money from the two female employees, a twenty-year old student and her mother. During the robbery, the gun was discharged. After obtaining the money, the two men fled the scene. Police officers were in the vicinity and were able to immediately pursue the Defendant and his partner. Thibodeaux and Hanley were apprehended in a nearby field. The handgun involved in the robbery was found and evidence collected from the weapon matched Thibodeaux's DNA.

The State charged Thibodeaux with armed robbery, in violation of La.R.S. 14:64, and use of a firearm in the commission of the armed robbery, in violation of La.R.S. 14:64.3. At arraignment, Thibodeaux pled not guilty to both charges and moved for a sanity commission. The trial court granted Thibodeaux's motion and appointed two physicians to examine him. The district court reviewed the reports of the sanity commission and on March 31, 2004 found Thibodeaux competent to stand trial.

On October 14, 2004, pursuant to a plea agreement, Thibodeaux pled guilty to armed robbery. The State dropped the firearm charge and agreed not to charge Defendant as an habitual offender. The trial court ordered a pre-sentence investigation. On February 3, 2005, the trial court sentenced Thibodeaux to serve thirty years at hard labor, which sentence was to run concurrently with the time remaining on the sentence for another armed robbery conviction. On February 25,

2005, Thibodeaux filed a *pro se* Motion to Reconsider Sentence, which was denied by the trial court. Thibodeaux filed this appeal, asserting the sentence imposed by the trial court was excessive. For the reasons assigned below, we affirm the decision of the trial court.

## LAW AND DISCUSSION

*Errors Patent*

We have reviewed the record and find one error patent on the face of the record. The sentence for an armed robbery conviction must be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:64. When the trial court sentenced Thibodeaux to thirty years at hard labor, the court failed to state that the sentence would be served without benefit of probation, parole, or suspension of sentence. Ordinarily, the Defendant's sentence would be deemed to contain the mandatory parole restriction pursuant to La.R.S. 15:301.1, and no action by the court would be necessary. However, at the conclusion of the sentencing hearing, the trial court stated:

> You will be eligible for parole in the old case at half. You will not be eligible for parole in this case until eighty-five percent. That, I know. And that is one of the reasons why it is only thirty. Because at least you will be required to served eighty-five percent of the time that you have in this sentence.

The trial court mistakenly advised the Defendant he would be eligible for parole. When the trial court is silent as to the required term of parole ineligibility, La.R.S. 15:301.1 obviates the need to correct a sentence. See *State v. Rivers*, 01-1251 (La.App. 5 Cir. 4/10/02), 817 So.2d 216, *writ denied*, 02-1156 (La. 11/22/02), 829 So.2d 1035. However, in this case, the trial court was not silent and advised the Defendant incorrectly. In such cases, an appellate court is bound to correct the sentence rather than rely on La.R.S. 15:301.1(A). *See State v. Sanders*, 04-0017 (La. 5/14/04), 876 So.2d 42, where the supreme court held when a trial court imposes

3

benefit restrictions beyond that authorized by statute, an appellate court should correct a sentence rather than rely on La.R.S. 15:301.1(A). Therefore, we hereby correct Thibodeaux's sentence to reflect his term of imprisonment shall be served without benefit of probation, parole, or suspension of sentence in accordance with the statute.

*Excessiveness of Sentence*

Thibodeaux contends a thirty year sentence for armed robbery is excessive. He argues the trial court failed to adequately consider mitigating factors, namely, that he has a wife and child. A sentence is deemed excessive if the penalty is grossly disproportionate to the severity of the crime as to shock one's sense of justice, or makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. A trial court has vast discretion in the imposition of a sentence within the statutory limits and such sentence shall not be set aside as excessive absent manifest error. *State v. Etienne,* 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124. This court has determined the factors to be considered in deciding whether a sentence is excessive. In *State v. Smith,* 02-719 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061, this court stated:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Bastiste*, 594 So.2d 1 (La.App. 1 Cir. 1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

4

*Id.* at 789.

Armed robbery carries a sentencing range of ten years to ninety-nine years at hard labor. La.R.S. 14:64. The trial court sentenced Thibodeaux to serve thirty years. In determining the length of sentence, the trial court considered several factors. First, armed robbery is a crime of violence and the Defendant discharged his gun during the commission of the offense. Second, Thibodeaux is a third felony offender at the age of thirty. Third, Thibodeaux has an extensive juvenile record including simple burglary, simply battery, and simple criminal damage to property. He has adult convictions for simply burglary and armed robbery. At the time of the commission of the present offense, Thibodeaux was on parole for three years for armed robbery. Fourth, Thibodeaux was afforded the opportunity to participate in probation and parole programs, but has failed to successfully complete either type of program. The trial court concluded, based on the evidence presented, Thibodeaux presented a risk to the safety of the community and a sentence of thirty years at hard labor was appropriate. We agree the trial court did not abuse its discretion. Therefore, we affirm the sentence imposed by the trial judge.

## DECREE

Based on the foregoing review of the record, we amend the sentence to reflect Thibodeaux's sentence of thirty years at hard labor is to be served without benefit of probation, parole, or suspension of sentence. In all other respects, the judgment of the trial court is affirmed.

**AFFIRMED AS AMENDED**.