920 So.2d 984 (2006)
STATE of Louisiana, Appellee,
v.
Eric Wayne JEFFERSON, Appellant.
No. 40,439-KA.
Court of Appeal of Louisiana, Second Circuit.
January 27, 2006.
*985 Kurt J. Goins, Margaret S. Smith, Louisiana Appellate Project, for Appellant.
Paul J. Carmouche, District Attorney, Tommy J. Johnson, Dhu Thompson, Lea R. Hall, Jr., Assistant District Attorneys, for Appellee.
Before BROWN, GASKINS and CARAWAY, JJ.
CARAWAY, J.
By unanimous vote, the jury found defendant, Eric Wayne Jefferson, guilty as charged of the crime of armed robbery with a firearm in violation of La. R.S. 14:64 and La. R.S. 14:64.3. The trial court imposed a sentence of 30 years at hard labor without the benefit of probation, parole or suspension of sentence and an additional five years without benefits to run consecutively, as required by La. R.S. 14:64.3. The defendant appeals, claiming that the sentence enhancement under La. R.S. 14:64.3 is an unconstitutional violation of his double jeopardy rights and that his sentence is otherwise excessive. We affirm the conviction and sentence.

Facts
The record reflects that on the evening of August 9, 2003, Nathan Williams ("Williams"), Jefferson's cousin, entered Popeye's Fried Chicken ("Popeye's") armed with a handgun. While holding the gun to the heads of three counter employees, Stephanie Horton, Dequella Jackson and Strantrenette Waites, Williams took over $1,300 from the cash registers and safe at Popeye's. Patrol Officer Eric Ardoin was cruising the neighborhood and received a radio dispatch that an armed robbery was in progress at Popeye's. He had investigated robberies at Popeye's before and based on his experience, elected to pull up behind the restaurant in the alley, where he saw a blue Oldsmobile parked in the alley and two men running away from it. He exited his patrol car and *986 approached Jefferson, asking him to show him his hands. The defendant threw a handful of wadded up currency at Officer Ardoin and began to run. At this point, Officer Ardoin was chasing both robbery suspects. The dispatch information had indicated that one man armed with a gun committed the robbery. Officer Ardoin decided to go after the suspect with the money in his hands. He chased the defendant for about a block before taking him down as he tried to go over a fence and handcuffing him.
Jefferson was transported to the police station. Detective Andrews and Officer Ardoin were present when the defendant was read his Miranda rights. The defendant subsequently confessed that he participated in the armed robbery with his cousin, and that he had acted as the lookout and getaway driver. Jefferson was charged as a principal to the offense. In instructing the jury prior to their deliberation, the trial judge included both the offenses of armed robbery and armed robbery using a firearm in the list of possible verdicts the jury could render. On a verdict form, the jury returned a verdict of "guilty as charged of Armed Robbery using a Firearm."

Discussion
On appeal, Jefferson first argues that the imposition of an enhanced sentence under La. R.S. 14:64.3 violated his right against double jeopardy because he received one sentence for being a principal to committing an armed robbery and an additional five year sentence because his co-defendant committed armed robbery with a gun.
The record before us shows that at trial and in a motion for new trial, Jefferson's counsel raised a double jeopardy claim grounded in the trial court's inclusion of the crime of armed robbery with the use of a firearm as a responsive verdict in the jury charges. Specifically, counsel argued that this inclusion provided the State with two opportunities to convict Jefferson of armed robbery in violation of his double jeopardy rights. However, counsel made no argument on the grounds now raised and there is no requirement for consideration for the first time on appeal. State v. White, 39,634 (La.App.2d Cir.6/16/05), 907 So.2d 180.
Nevertheless, we find the argument raised on appeal to be without merit. As previously indicated, the only evidence presented to the jury in this case regarding a dangerous weapon was that Jefferson's accomplice was armed with a gun. Jefferson concedes in brief that the state charged and prosecuted him as a principal to the offense although he erroneously presupposes that he could not be prosecuted and sentenced as a principal to the crime of armed robbery with the use of a firearm because he did not personally possess the gun. This court has viewed the crime of armed robbery with the use of a firearm under La. R.S. 14:64.3 as a more serious form of armed robbery for which the penalty range is effectively fifteen to one hundred four years. State v. White, supra. Because the evidence showed that Jefferson aided and abetted another in the commission of the offense, the crime of armed robbery with the use of a firearm was appropriately the subject of Jefferson's prosecution as a principal. La. R.S. 14:24. This court has held that the crime of armed robbery with the use of a firearm must be charged by bill of information and proven to the jury. State v. Odell, 37,194 (La.App.2d Cir.6/5/03), 850 So.2d 749. Here, Jefferson was charged according to law. Although Jefferson was convicted of a crime which has elements of both La. R.S. 14:64 and La. R.S. 14:64.3, the jury convicted him of the single crime of being a principal to the crime of armed robbery *987 with the use of a firearm and the judge sentenced him for that single offense. Double jeopardy protects an accused not only from a second prosecution on the same offense, but also from multiple punishments for the same criminal conduct. State v. Vaughn, 431 So.2d 763 (La.1983). Contrary to Jefferson's claims, no such double jeopardy issues were implicated in this case. Thus, we find no merit to this argument.
Jefferson also argues that the sentence imposed by the Court was unconstitutionally excessive.
In reviewing claims of excessive sentence, an appellate court uses a two-step process. First, the record must show that the trial court took cognizance of the criteria set forth in La. C. Cr. P. art. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not a rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with La. C. Cr. P. art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Bradford, 29,519 (La.App.2d Cir.4/2/97), 691 So.2d 864.
There is no requirement that specific matters be given any particular weight at sentencing. State v. Jones, 33,111 (La. App.2d Cir.3/1/00), 754 So.2d 392, 394, writ denied, 00-1467 (La.2/2/01), 783 So.2d 385.
Second, whether the sentence imposed is too severe depends on the circumstances of the case and the background of the defendant. A sentence violates La. Const. art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Bradford, supra.
Prior to imposing the sentence, the court discussed several factors, which were listed in the pre-sentence investigation report. The court noted the defendant's age, his history of juvenile adjudications in California. The court observed that the defendant is a first felony offender. It also noted the report's statement that defendant had a "bad attitude." On the other hand, the court considered as a mitigating factor the defendant's supplemental statement that he acted as Williams' pawn and was ignorant of Williams' plan to hold up the restaurant.
Responding to the sentencing guidelines, the court stated that a dangerous weapon was used in the commission of the offense and that lives were endangered. It noted the defendant had expressed no remorse or responsibility for the offense. The court also considered the impact on the victims. Most notably, the court stated that after the robbery, Strantrenette Waites suffered a panic attack, Dequella Jackson quit her job and Stephanie Horton is afraid that the offenders will return. Finally, the court stated Popeye's preference that offenders be punished to the fullest extent of the law.
For the crime of armed robbery with a firearm, Jefferson faced a maximum sentencing exposure of one hundred four *988 years. The trial court imposed a sentence of 30 years at hard labor without the benefit of probation, parole or suspension of sentence, and the additional five years without benefits to run consecutively as required by La. R.S. 14:64.3. Thus, Jefferson received a sentence of less than half of that which he faced. Despite Jefferson's first felony status, the pain and suffering he caused to the victims and society are irreparable. Considering the totality of the record, we do not find that the sentence imposed is grossly disproportionate to the severity of the offense or shocking to our sense of justice. Jefferson's constitutional excessiveness claim is without merit.
For the foregoing reasons, Jefferson's conviction and sentence are affirmed.
AFFIRMED.