# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## KA 10-1303


STATE OF LOUISIANA

VERSUS

JASON D. CLAYTON


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 152185
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## ELIZABETH A. PICKETT
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


**AFFIRMED.**


**Charles A. Riddle III**
**District Attorney, Twelfth Judicial District Court**
**David Lafargue**
**Assistant District Attorney**
**P. O. Box 277**
**Marksville, LA 71351**
**(318) 253-6587**
**Counsel for Plaintiff/Appellee:**
**State of Louisiana**

**Carey J. Ellis III**
**Louisiana Appellate Project**
**P. O. Box 719**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**Jason D. Clayton**

**PICKETT, Judge.**

The defendant appeals his sentence for armed robbery, asserting that it is excessive. For the following reasons, we affirm the sentence.

## FACTS

Jason D. Clayton, the defendant, pled guilty to having committed armed robbery of the Five Star Foods in Bunkie on June 27, 2009. When pleading guilty, the defendant admitted that he and his co-defendant took $11,000 from a cash register in the immediate control of a Five Star Foods cashier and that he had possession of a .380 gun during the robbery. He stated that he understood the plea agreement required him to testify against his co-defendant and to be sentenced to twenty-seven years, without benefit of probation, parole, or suspension of sentence. He further acknowledged that pursuant to the plea agreement, "no multi-bill" would be filed against him. The trial court accepted the defendant's guilty plea, then sentenced him to twenty-seven years without benefit of probation, parole, or suspension of sentence.

The defendant filed two pro se Motions for Reconsideration of Sentence, which were denied by the trial court without hearings. He then filed a pro se Motion to Amend or Modify Sentence, which the trial court also denied without a hearing. The defendant next filed a Motion to Appeal with the trial court. Thereafter, he filed a Writ for Review with this court which was not considered because he had not challenged his guilty plea by first seeking review with the trial court as required by Uniform Rules–Court of Appeal, Rule 1-3.

The trial court held an evidentiary hearing with regard to the defendant's Motion to Appeal to determine whether he would represent himself on appeal or whether he was entitled to court-appointed counsel. At the conclusion of the hearing, the trial court ordered that counsel be appointed to represent the defendant on appeal.

Through counsel, the defendant urges one assignment of error: his sentence is excessive and should be reduced.

**DISCUSSION**

Pursuant to La.Const. art. 1, § 19, everyone sentenced to imprisonment is entitled to judicial review of his sentence; the right to judicial review can be waived however. Louisiana Code of Criminal Procedure Article 881.2(A)(2) contains a waiver of the right to judicial review; it states: "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." This provision applies to sentences, sentence ceilings, sentence ranges, and sentence caps agreed to by defendants in plea agreements. *State v. Percy*, 09-1319 (La.App. 3 Cir. 5/5/10), 36 So.3d 1115, *writ denied*, 10-1253 (La. 12/17/10), 51 So.3d 17; *State v. Roberts*, 08-1026 (La.App. 3 Cir. 3/4/09), 4 So.3d 1011.

The defendant urges, however, that he is entitled to have his sentence reviewed under the holding in *State v. Foster*, 42,212 (La.App. 2 Cir. 8/15/07), 962 So.2d 1214. In *Foster*, after questioning the defendant concerning his guilty plea and his agreement to a sentencing cap of thirty years, the trial court asked the defendant if he understood that by pleading guilty he was waiving his right to appeal "except as to the amount of the sentence." *Id.* at 1218. The second circuit determined the defendant had not waived his right to appeal his sentence for excessiveness because he "did not contemplate that by pleading guilty he waived his right to appeal his sentence for excessiveness." *Id.* The court then reviewed the defendant's sentence for excessiveness. *See also State v. Planco*, 96-812 (La.App. 3 Cir. 3/26/97), 692 So.2d 666, where this court held that the defendant's reservation of the right to appeal

2

his sentence as a term of a plea agreement did not violate La.Code Crim.P. art. 881.2(A)(2)'s prohibition against appellate review of a sentence imposed pursuant to a plea agreement.

In this matter, when the trial court questioned the defendant regarding his understanding of the terms of his plea agreement and the voluntariness of his guilty plea, it asked: "Do you understand that you have a right to apply to a higher court to review your case by appeal or by writ of review?" The defendant answered: "Yes, sir." The trial court did not thereafter inform the defendant that by pleading guilty he waived his right to have his plea and/or sentence reviewed by a higher court. Considering the trial court's explicit exception of the waiver of the right to appeal during the defendant's plea agreement, we find, as the court did in *Foster*, that the defendant could not have contemplated that he waived his right to appeal his sentence when he pleaded guilty, and we will review his assignment of error that his sentence is excessive.

This court has set forth the following standard to be used when reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.

3

*State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331 (alteration in original) (citations omitted).

In order to decide whether a sentence shocks the sense of justice or makes no meaningful contribution to acceptable penal goals:

> [A]n appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. *State v. Smith*, 99-0606 (La. 7/6/00), 766 So.2d 501. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, 95-2784 (La. 5/31/96), 674 So.2d 957, 958.

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061.

In his Motions for Reconsideration of Sentence, the defendant asserted, "there are several mitigating factors . . . that were never really presented to the court. The truth is at the time of the offense(s) the petitioner was suffering under extreme stress and mental anxiety." He argues the facts in evidence do not establish that his sentence was particularized to him or that the sentencing guidelines provided in La.Code Crim.P. art. 894.1 were considered. Article 894.1 itemizes numerous aggravating and mitigating circumstances a court should consider when imposing sentence on a defendant. Therefore, the defendant seeks to have his sentence vacated, and this matter remanded to the trial court for him to be resentenced in accordance with Article 894.1.

Louisiana Code Criminal Procedure Article 881.4(D) provides that an "appellate court shall not set aside a sentence for excessiveness if the record supports the sentence imposed." In conformity with this provision, the fifth circuit has held that because a trial court has much discretion in determining an appropriate sentence, an appellate court should not set aside a sentence as excessive if the record supports the sentence, even when the trial judge did not provide reasons for the sentence. *State v. Armstead*, 07-741 (La.App. 5 Cir. 2/6/08), 980 So.2d 20, *writ denied*, 08-601 (La. 10/3/08), 992 So.2d 1010. The relevant question on appeal is whether the trial court abused its discretion in imposing sentence. *Id.* Similarly, the fourth circuit has held that where the trial court made no mention of La.Code Crim. P. art. 894.1 or its provisions and, therefore, did not comply with the article, the sentence would not be vacated if it was supported by the record. *State v. McGee*, 98-2116 (La.App. 4 Cir. 2/23/00), 757 So.2d 50, *writ denied*, 00-877 (La. 10/27/00), 772 So.2d 121.

The transcript of the Boykin and Sentencing Hearing during which the defendant pled guilty and was sentenced shows that he was thirty years old and had completed the ninth grade when he committed the armed robbery of the Five Star Foods and when he was sentenced, that he can read and write English, and that he did roofing work before his incarceration. The transcript further shows that the defendant wielded a gun when he and his co-defendant robbed the Five Star Foods by taking approximately $11,000 in cash and checks from a cash register in the immediate control of the cashier. Additionally, the record shows the defendant was a second felony offender.

The sentence for armed robbery is imprisonment at hard labor for not less than ten years and for not more than ninety-nine years, without benefit of parole,

probation, or suspension of sentence. La.R.S. 14:64(B). Accordingly, if the defendant was a first-time felony offender, his twenty-seven-year sentence would have been near the lower end of the sentencing range. He was a second felony offender, however, who faced a habitual offender proceeding if he did not plead guilty. At the time he committed the offense, the defendant, as a multiple offender, was subject to a minimum sentence of forty-nine and one-half years and a maximum sentence of 198 years. La.R.S. 15:529.1(A)(1).

In *State v. Mason*, 39,936, pp. 3-4 (La.App. 2 Cir. 8/17/05), 908 So.2d 1250, 1253, the second circuit made the following observations regarding armed robbery which we find pertinent to our review:

> Armed robbery is, by definition, a dangerous crime, which often leads to death or serious injury. The victims of armed robbery are often physically harmed or otherwise traumatized for life. On this record, we can find no error in the imposition of this sentence, which most assuredly does not shock the sense of justice, and is not a needless infliction of pain. The penalty is admittedly harsh, though not unduly so. The legislatively-mandated sentence is severe, precisely because the crime of armed robbery is so reprehensible, even more so when committed by one who is already a felon.

The defendant in *Mason*, also a second felony offender, was sentenced to the mandatory forty-nine and one-half years. La.R.S. 14:64(B); La.R.S. 15:529.1(A)(1)(a).

For these reasons, we find that the defendant benefitted greatly by his plea agreement and that for a second-felony offender who wielded a gun during the commission of an armed robbery, his twenty-seven-year sentence was not excessive. Accordingly, we find no merit in the defendant's assignment of error and affirm his sentence.

6

**ERRORS PATENT**

Our review of the record for errors patent on the face of the record as provided in La.Code Crim.P. art. 920 shows a discrepancy between the transcript of the defendant's guilty plea and sentencing proceeding and the sentencing minutes and the Commitment. The transcript reflects that the defendant's sentence was imposed without the benefit of parole, probation, or suspension of sentence; however, that restriction is not reflected in the sentencing minutes or the Commitment. Accordingly, the trial court is instructed to correct the sentencing minutes and the Commitment to reflect that the defendant's sentence is to be served without benefit of parole, probation, or suspension of sentence.

**DISPOSITION**

The defendant's sentence is affirmed. Furthermore, the trial court is instructed to correct the sentencing minutes and the Commitment to reflect the defendant's sentence is to be served without benefit of parole, probation, or suspension of sentence.

**AFFIRMED WITH INSTRUCTIONS.**