# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-898

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL DAVID GORDON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWELFTH JUDICIAL DISTRICT COURT
PARISH OF AVOYELLES, NO. 159939
HONORABLE WILLIAM BENNETT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**JOHN D. SAUNDERS**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and J. David Painter, Judges.

**AFFIRMED.**

**Thibodeaux, Chief Judge, dissents and assigns written reasons.**

**Hon. Charles A. Riddle, III**
**District Attorney, 12th JDC**
**P. O. Box 1200**
**Marksville, LA 71351**
**(318) 253-6587**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **State of Louisiana**

**Annette Fuller Roach**
**Louisiana Appellate Project**
**P. O. Box 1747**
**Lake Charles, LA 70602-1747**
**(337) 436-2900**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Michael David Gordon**

**Anthony Francis Salario**
**Asst. DA**
**P.O. Box 503**
**Marksville, LA 71351**
**(318) 240-7123**
**COUNSEL FOR PLAINTIFF APPELLEE:**
    **State of Louisiana**

**Michael David Gordon**
**A.V.C. C 3 - D 2**
**1630 Prison Road**
**Cottonport,, LA 71327**
**COUNSEL FOR DEFENDANT APPELLANT:**
    **Michael David Gordon**

**SAUNDERS, J.**

Defendant was charged with armed robbery, a violation of La.R.S. 14:64, on December 14, 2010. On March 14, 2011, Defendant pled guilty as charged to armed robbery.[1] A presentence investigation report was ordered by the trial court. On April 12, 2011, he was sentenced to forty years at hard labor without the benefit of parole, probation, or suspension of sentence. He made an oral objection to the sentence following the sentencing hearing, which was "assigned error" by the trial court.

Defendant has perfected a timely appeal wherein he challenges the constitutionality of the sentence and asserts ineffective assistance of counsel for failure to file a motion to reconsider the sentence setting forth grounds for the reconsideration.

**FACTS:**

On September 21, 2010, Defendant, Michael David Gordon, entered Cottonport Bank with a handgun and robbed the two tellers present in the bank of one hundred thousand dollars.

**ERRORS PATENT:**

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find that there are no errors patent.

---

[1] At the *Boykin* hearing, the State told the trial court it was dismissing two second degree kidnaping charges under a different docket number. However, there is no evidence in the record that Defendant was charged with these offenses. The offense of armed robbery was committed on September 21, 2010. The bill of information charging Defendant with the armed robbery was filed on December 14, 2010, and he was arraigned on that charge only the same date.

**DISCUSSION**:

Because the three assignments of error pertain to the issue of whether the sentence imposed was constitutionally excessive, we will address all three assignments together. Defendant argues that the trial court failed to adequately comply with the sentencing guidelines as set out in La.Code Crim.P. art. 894.1. Moreover, he asserts that the forty-year sentence without the benefit of parole, probation, or suspension of sentence is a constitutionally excessive sentence considering the facts of his case. Finally, he argues that because defense counsel failed to submit a written motion to reconsider the sentence raising the issues above, he is serving a constitutionally excessive sentence.

Initially, as noted above, Defendant did not file a written motion to reconsider the sentence as required by La.Code Crim.P. art. 881.1, setting forth grounds for a review of the sentence by the trial court or on a subsequent appeal. While immediately following the sentencing hearing, Defendant made an oral objection to the sentence, he did not specify any grounds for the objection. Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant for raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Accordingly, Defendant is limited to a "bare bones" review only for constitutional excessiveness of the sentence. *State v. Barling*, 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331. *See also State v. Price*, 04-812 (La.App. 5 Cir. 3/1/05), 909 So.2d 612.

In *State v. Thibodeaux*, 05-680, p. 4 (La.App. 3 Cir. 12/30/05), 918 So.2d 1093, 1095, this court discussed excessive sentences, as follows:

2

> A sentence is deemed excessive if the penalty is grossly disproportionate to the severity of the crime as to shock one's sense of justice, or makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Barling,* 00-1241, 00-1591 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, *writ denied,* 01-838 (La. 2/1/02), 808 So.2d 331. A trial court has vast discretion in the imposition of a sentence within the statutory limits and such sentence shall not be set aside as excessive absent manifest error. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99), 746 So.2d 124. This court has determined the factors to be considered in deciding whether a sentence is excessive.

The sentencing range for the offense of armed robbery is no less than ten years and no more than ninety-nine years without the benefit of parole, probation, or suspension of sentence. La.R.S. 14:64(B). Defendant was sentenced to forty years, a little less than one half of the potential term he could have received.

The two women bank tellers chose not to testify at the sentencing hearing. However, A.J. Roy, president of the Cottonport Bank, testified on their and the bank's behalf. He began his statement by relating the economic damage done to the bank in that its clients expect the bank to be a secure place to do business. He also described the emotional and psychological damage done to the two tellers. He noted that both of the tellers expressed their belief that they were going to die that day. He stated that one of the tellers has recurring nightmares of the robbery. He stated that the bank had to relocate the two tellers because of the emotional trauma caused by the robbery and that although both women are still encountering the public, they are extremely wary of strangers who come into the bank. He stated that the women acknowledged that Defendant repeatedly told them he was not going to harm them and was apologetic as he forced them into a back room; however, they have become fearful of strangers in their personal lives because of being confronted with a loaded and cocked gun.

Defendant then spoke to the trial court. He expressed extreme remorse for his actions. He apologized to the bank president, to the two women tellers and

3

their families for his bad acts, and to his own family who have suffered also. He did not ask for leniency and said that he would be willing to take what sentence the court imposed.

Following arguments by defense counsel and the State, the trial court gave a lengthy recitation of the grounds upon which it was premising Defendant's sentence. The trial court noted specifically several cases where the defendants convicted of armed robbery were first time felony offenders, including *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, wherein the supreme court affirmed a forty-year sentence imposed on a conviction for armed robbery. In *Smith*, while affirming the forty year sentence, the supreme court stated:

> A review of the second trial judge's extensive reasons for sentencing shows that he did a thorough job of reviewing the aggravating and mitigating factors. He emphasized that the defendant aimed a firearm at six persons in the store and jeopardized their lives. The value of the items stolen during the robbery was approximately $400,000.00 and the judge observed that this was a "significant economic loss." The items were recovered with the assistance of the defendant's co-defendant, Johnson.

*Id.* at 3-4.

The supreme court further noted that "[t]his sentence is within the thirty-five to fifty-year range this Court has found acceptable for first offenders convicted of armed robbery. *State v. Thomas*, 98-1144, p. 2 (La. 10/9/98), 719 So.2d 49, 50; *State v. Augustine*, 55 So.2d 1331, 1332 (La.1990) and cases cited therein." *Id*. at 4.

In brief, the State points to *Price*, 909 So.2d 612, to show that a forty-year sentence for armed robbery is not unreasonably excessive. In that case, Price was convicted of armed robbery with a firearm. He confessed to the crime on videotape, but then at trial testified that he was not allowed counsel during the police interrogation despite his several requests and that the police choked him repeatedly until he confessed. While ultimately vacating the sentence because it

4

was indeterminate, the fifth circuit did not find a forty-year sentence excessive in that case.

Finally, while discussing an allegedly excessive sentence imposed on a conviction for armed robbery with a firearm, this court in *State v. Clayton,* 10-1303, p. 6 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, 423, *writ denied,* 11-1015 (La. 11/4/11), ___ So.3d ___, cited *State v. Mason*, 39,936, p. 3 (La.App. 2 Cir. 8/17/05), 908 So.2d 1250, 1253, stated as follows: "Armed robbery is, by definition, a dangerous crime, which often leads to death or serious injury. The victims of armed robbery are often physically harmed or otherwise traumatized for life."

Defendant argues that in the alternative, defense counsel's performance was ineffective for failure to file a motion to reconsider the sentence. He argues specifically that defense counsel's performance was defective "by failing to object to the imposed sentence based on both its excessiveness and the fact that the court gave improper weight and/or mischaracterized certain factors in arriving at the sentence."

While discussing ineffective assistance of counsel for failure to file a motion to reconsider the sentence, this court in *State v. Blake*, 03-1465, pp. 6-7 (La.App. 3 Cir. 5/5/04), 872 So.2d 602, 608-09 (footnote omitted), noted:

> When presented with an ineffective assistance of counsel claim, we have reasoned:
>
>> Failure to file a motion to reconsider the sentence does not necessarily constitute ineffective assistance of counsel. Nevertheless, the defendant may have a basis to claim ineffective assistance of counsel when the [sic] he can show a reasonable probability, but for defense counsel's error, his sentence would have been different. Furthermore, in *State v. Francis*, 99-208 (La.App. 3 Cir. 10/6/99), 748 So.2d 484, *writ denied,* 00-0544 (La.11/13/00), 773 So.2d 156, this court stated:
>>
>>> A claim of ineffective assistance of counsel is properly raised in an application

for post conviction relief. This allows the
trial judge an opportunity to order a full
evidentiary hearing on the matter. However,
where the record contains evidence
sufficient to decide the issue and the issue is
raised by an assignment of error on appeal,
it may be considered.

. . . .

We further held that the accused cannot prove an allegation of
ineffectiveness without a *specific showing of prejudice*. Whether or
not a defendant received ineffective assistance of counsel is a two-part
inquiry. First, we must determine whether the trial court would have
reduced the Defendant's sentences upon the filing of a "Motion to
Reconsider Sentence." Second, we must determine whether the
sentences were excessive. (Footnotes omitted).

In the underlying case, we find that the record is sufficient to explore the

question of whether defense counsel's performance was defective and whether

Defendant was prejudiced by the defective performance.

In brief, Defendant argues:

Counsel objected to the imposition of the forty-year sentence.
However, he did nothing to attempt to correct the trial court's
classification of various factors, and he specifically did not object to
the judge imposing a sentence almost twice that which the judge
indicated his own research suggested was appropriate, because
Appellant was old enough to know better. Counsel also erred in
failing to file the statutorily required motion to reconsider sentence
specifically setting forth these errors to preserve them for appellate
review. In these regards, counsel's performance was deficient. The
review of the excessiveness of the sentence and the court's improper
weight given to factors that were already decided by the legislature at
arriving at the sentencing range for the crime have been discussed in
the previous assignments of error. For the reasons discussed therein,
it is submitted that Michael David Gordon was prejudiced by
counsel's non-performance.

Defendant argues that the trial court failed to consider the mitigating

circumstances, such as the fact that he has no prior criminal history, that he was

extremely remorseful, and that the hardships in his life contributed to his bad

decision to rob the bank. Defendant argues that compared to other defendants in

similar circumstances, he received an unduly harsh sentence that makes no meaningful contribution to acceptable penal goals.

Following Defendant's statement, defense counsel cited to the trial court several cases wherein the defendants, who had prior armed robberies or similar offenses, were sentenced to the minimum sentence of ten years. The trial court responded that these particular cases were not applicable in that they were plea agreements. The current case was also resolved by a plea agreement. However, it appears that what the trial court meant was that the lengths of sentences were a part of the plea agreement between the defendants and the State; and the trial court accepted the recommendations.

The trial court then recited its reasoning for imposing the sentence, beginning with acknowledging all the letters received on Defendant's behalf. The trial court stated:

> These letter[s] confirm that beginning in 2004 something in your life begin to unravel. The death of your father, your mom was in the hospital four time[s] in 2008. You lost your job, were injured and hurt your back. Had business problems building homes and then the crowning blow when your wife left and refused to negociate [sic] and help you with your property problems. You filed bankruptcy and as a result you lost your home and lost everything. Life got tuff [sic] for Mike Gordan [sic], the good man Mike Gordan [sic]. As you confirmed, you lost your job, kid's jobs, your wife, your home, your family property and you had no life insurance. You felt you were a complete failure and you lost your will to live and I believe that through [sic] what happened to you. You confirmed to me how desperate that you got and the telling thing of course it's telling into your character and into your beliefs is you wanted to do yourself in. You wanted to leave this life and then you realized that if you do you're leaving your family nothing because you were broke and no property. Then you made the horrible decision. . . .

The trial court then recited the emotional and psychological injuries suffered by the two bank tellers as portrayed by the bank's president. The trial court continued:

If I were to give you the maximum sentence being a first offender, there's no way in the world the Court of Appeals would let that stand. They would say no that is the needless imposition because they never done [sic] it on a first offender. I'll give you examples, *State versus Perry* 9[] 3d.251 out of the Third Circuit here, a twenty year old first offender robbed a Sonic Drive-in and injured an[] employee and was given twenty five years and that was said to be appropriate. *State versus Joseph* 982 So.2d 310 again out of this circuit, Third Circuit. A robbery occurred and person was seriously injured, that defendant was given thirty years. In *State versus Jefferson* 920 So.2d 984 again a first offender, using a gun but that person had no remorse. The court considered the impact upon the defendant though and gave thirty years and that was said to be appropriate. In *State versus Jackson* 904 So.2d 907 an eighteen year old first offender pointed a gun in the face of an employee and left that victim terrified, she fell to the floor when he left. Well that defendant had two convictions for armed robbery and was given sixty years because it was two convictions. *State versus Singletary* again out of the Third Circuit a non-published opinion 2010 WL 4325836 this individual was charged with armed robbery with a firearm, attempted armed robbery with a firearm, theft under $300.00, theft under $300.00 and conspiracy to commit armed robbery. The defendant pled no contest, didn't say he was guilty, he said I'm not contesting the charge to count one and the DA dismissed the other charges. He was given twenty five years for the armed robbery plus five years for using a firearm for a total of thirty and that was said to be appropriate. Again this defendant was a first offender, 24 years old first time felony offender. Then I found two bank robbery cases, *State versus Lewis* 292 So.2d 702, armed robbery of three bank employees, armed with a bb gun, the Court imposed three twenty year sentences to run concurrent another twenty years total and the Court said that was appropriate. *State versus Square* 433 So.2d 104 and [sic] twenty two year old first time felony offender with no injuries to the bank employees, he was given twenty five years for bank robbery. And the last case I will mention is *State versus Smith* 839 So.2d, page 1, where the Supreme Court of Louisiana in 2003 stated thirty five to fifty years is the acceptable range for first offenders with armed robbery. Yet even with that 2003 case at hand the Court of Appeals affirmed many cases with twenty and twenty five years for first time felony offenders. So now, when I get to this point I have letters for you and how good of a man you are except for this bad thing. I have the impact upon the victims in the bank. I've now looked at prior law, similar cases, so now I look in the law book and guidelines that I have to follow to sentence. Under Article 894.1 of the Louisiana Code of Criminal Procedure I do find that you must have correctional treatment that can be provided by an institution and any lesser sentence that I imposed today would deprecate the seriousness of your offense and your sentence you're not eligible for probation. But the law gives me certain aggravating factors and mitigating factors to look at. Aggravating factors, these are factors not in favor of Michael Gordan [sic]. Number one, your actions constituted although not intended, constituted deliberate cruelty of these victims, the two ladies.

Also aggravating factor, you received money for the commission of your offense. Also an aggravating factor, you used threats of violence in the commission of the offense, threats, in that, having a gun is considered threats of violence. Also this is a significant permanent loss physiologically [sic] to the victims. There was a severe economic loss to the bank but I understand that loss has all been recovered. You used a dangerous weapon which is considered an aggravating factor. This is a major economic offense although the money was returned and you used a firearm as stated before. So aggravating factors are all against Michael Gordan [sic]. The mitigating factors are that the longer the imprisonment upon you, the more hardship it would be on many members of your family, which happens in every case. The mitigating factor number two for you is that you had no prior record. So, not many mitigating factors for something this serious.

A trial court has vast discretion when imposing a sentence, and the reviewing court shall not set aside a sentence absent a showing that the trial court abused its discretion when it imposed the sentence. *Thibodeaux*, 918 So.2d 1093. In S*tate v. Smith*, 839 So.2d 1, discussed by the trial court above, the supreme court noted that a thirty-five to fifty-year sentence for armed robbery with a firearm was not excessive in cases where the defendant was a first time felony offender. While pondering whether the trial court abused its discretion when it imposed the forty-year sentence, the supreme court noted:

> At the time of the commission of the offense, the defendant was on probation under a suspended sentence of five years for a conviction of "larceny from a house" in Oklahoma. He had prior arrests for attempted rape and kidnapping in 1990 and robbery with a firearm in 1994. A stolen car was used in the attempt to flee the scene of the crime. The defendant then drove his mother's car in a dangerous, high speed chase that was unsuccessful. During the chase, Johnson fired two shots at the pursuers. The trial judge observed "you [Smith] were a principal, and to that extent you share equally to the extent of this robbery." La. R.S. 14:24. The defendant showed no remorse. In particular, the trial judge observed as follows:
>
> > Whether you [Smith] should receive less than he [Johnson] is a factor for me to consider based upon your involvement and his involvement, but it is not an absolute factor there; because he receives a twenty year sentence that you should receive less than he or more than he. You must stand on your own feet as you are today and receive your individual punishment

recognizing your involvement and recognizing your past criminal conduct.

*Id.* at 4.

We find that the trial court adequately considered the aggravating and mitigating factors as required by La.Code Crim.P. art. 894.1. Defendant has not offered any new mitigating facts which should have been considered by the trial court and which could have affected the length of the sentence. We also find that the forty-year sentence is not unconstitutionally excessive. While the forty-year sentence may seem harsh to some, it is within the sentencing range set out by the legislators and is within the range of sentences the supreme court has deemed as acceptable for a first time felony offender. Finally, we do not find that Defendant was prejudiced due to ineffective assistance of counsel, since it is this court's belief that the trial court would not have reduced Defendant's sentence upon the filing of a motion to reconsider sentence.

The trial court did not abuse its considerable discretion when it sentenced Defendant to forty years imprisonment for the offense of armed robbery. The sentence is affirmed.

**DECREE:**

Defendant's sentence is affirmed.

**AFFIRMED.**

# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 11-898

**STATE OF LOUISIANA**

**VERSUS**

**MICHAEL DAVID GORDON**

**THIBODEAUX, Chief Judge, dissenting.**

The forty-year sentence is excessive under the circumstances of this case, and Defendant received ineffective assistance of counsel during the sentencing stage. The majority concludes that "[w]hile the forty-year sentence may seem harsh to some, it is within the sentencing range set out by the legislators and is within the range of sentences the supreme court has deemed as acceptable for a first time felony offender."

On both assertions, the majority is wrong. Certainly, the sentence is within the sentencing range. That begs the question of whether it is constitutionally permissible. If the sentence was outside the sentencing range, it would be illegal. The fact that it is within the sentencing range does not *ipso facto* clothe it with legality. Under this rationale, *any* sentence between ten and ninety-nine years would be acceptable, and would eliminate the need for an appeal. Further, the Louisiana Supreme Court has not deemed such a sentence acceptable for a first time felony offender under the circumstances of this case, as the cases relied upon by the majority are inapposite.

In all of the cases cited by the trial court and relied upon by the majority, the defendants who were convicted of armed robbery were all technically first felony offenders and received sentences of twenty to thirty years

imprisonment. However, in several of the cases there were aggravating factors not present in the present case. In *State v. Perry*, 08-1304 (La.App. 3 Cir. 5/6/09), 9 So.3d 342, *writ denied,* 09-1955 (La. 6/25/10), 38 So.3d 352 and *State v. Joseph*, 07-1567 (La.App. 3 Cir. 4/30/08), 982 So.2d 310, there were significant injuries inflicted on the victims. Here, there were no injuries. Furthermore, in both *Perry* and *Joseph*, the defendants had criminal histories. Here, Defendant has no criminal history.

In *State v. Jefferson*, 40,439, p. 5 (La.App. 2 Cir. 1/27/06), 920 So.2d 984, 987, the trial court noted there was no remorse, the defendant had a juvenile criminal history, and had a "bad attitude." Here, Defendant apologized to the victims.

In *State v. Jackson*, 04-1388 (La.App. 5 Cir. 5/31/05), 904 So.2d 907, *writ denied,* 05-1740 (La. 2/10/06), 942 So.2d 162, the sentences for two armed robberies were sixty years each, to be served concurrently. However, the defendant had been charged with nine counts of armed robbery and one count of criminal conspiracy to commit armed robbery, had gone to trial on only two of the armed robbery counts and the conspiracy count, and had been on a three day crime spree when he was apprehended. Here, only one armed robbery occurred. In *Jackson*, the fifth circuit noted that "[i]n cases similar to the present one, where the defendant does not have a criminal history and the armed robbery did not involve the discharge of a weapon or any physical injury to the victims, the sentencing range is between 20-40 years." *Id*. at 916.

In *State v. Singletary*, an unpublished opinion, 10-354 (La.App. 3 Cir. 11/03/10), 50 So.3d 989, *writ denied*, 10-2657 (La. 4/25/11), 62 So.3d 87, there were several charges that were dismissed when the defendant pled guilty to armed robbery and was sentenced to twenty-five years imprisonment, plus five years because he used a firearm.

Finally, in *State v. Lewis,* 39,263 (La.App. 2 Cir. 1/26/05), 892 So.2d 702 and *State v. Square*, 433 So.2d 104 (La.1983), the sentences were twenty years and twenty-five years, respectively. In the current case, the trial court, without finding any of the additional aggravating circumstances in the above cases present in the current case, sentenced Defendant to forty years imprisonment.

I recognize that a trial court has vast discretion when imposing a sentence. I also recognize that in *State v. Smith*, 01-2574 (La. 1/14/03), 839 So.2d 1, the supreme court observed, in dictum, that a thirty-five to fifty year sentence range was acceptable for a first time felony offender. *Smith*, however, relied on *State v. Thomas*, 98-1144 (La. 10/9/98), 719 So.2d 49, which involved *consecutive* sentences on armed robbery, aggravated escape, and possession of a firearm by a convicted felon. The defendant's action endangered deputies, court personnel, and the public. Further, the defendant in *Thomas* fled with her husband and eluded capture for eight days. *Smith* also relied on *State v. Augustine*, 555 So.2d 1331 (La.1990) which involved actual violence during the commission of an armed robbery.

Considering that the trial court and the majority, in an effort to support the imposition of the forty year sentence, cited cases that had lower sentences but more aggravating circumstances, I find the sentence of forty years at hard labor without the benefit of parole, probation, or suspension of sentence is a needless infliction of pain and suffering compared to other cases in this jurisdiction and other jurisdictions. Moreover, in *State v. Clayton*, 10-1303 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, *writ denied*, 11-1015 (La. 11/4/11), 75 So.3d 923, wherein this court affirmed a twenty-seven year sentence imposed on a defendant who committed an armed robbery and who was a second felony offender, this court commented on the reasoning the trial court in *State v. Mason*, 39,936, pp. 3-4

3

(La.App. 2 Cir. 8/17/05), 908 So.2d 1250, 1253 (emphasis added), gave for the habitual offender minimum sentence of forty-nine and one half years, as follows:

> Armed robbery is, by definition, a dangerous crime, which often leads to death or serious injury. The victims of armed robbery are often physically harmed or otherwise traumatized for life. On this record, we can find no error in the imposition of this sentence, which most assuredly does not shock the sense of justice, and is not a needless infliction of pain. The *penalty is admittedly harsh*, though not unduly so. The legislatively-mandated sentence is severe, precisely because the crime of armed robbery is so reprehensible, even more so when committed by *one who is already a felon*. (Emphasis added).

Considering the facts and circumstances of this case, defense counsel's failure to file a written motion to reconsider the sentence setting forth specific grounds constituted defective performance. Defense counsel had thirty days from the date of the sentencing in which to research the issue and prepare to plead the case. La.Code Crim.P. art. 881.1.

> In brief, Defendant argues:

> In mitigation, the judge noted the hardship imprisonment would cause to his family and a lack of a prior record. Although previously commented upon, the judge did not note in mitigation the emotional state Michael Gordon was in at the time of the offense, the remorse he has repeatedly shown for his actions and his acceptance of responsibility.

> The judge specifically commented "…although the prior case law says twenty and twenty five years for first time offenders those are first time eighteen, nineteen, twenty, twenty five year old offenders not a forty six year old man who had everthing and knew better…". Immediately following this comment, the judge imposed upon Michael David Gordon a sentence of forty years with the Department of Corrections without the benefit of parole, probation, or suspension of sentence.

> A review of the transcript indicates that the judge considered Mr. Gordon's age to be an aggravating factor, deserving of a harsher sentence than a man twenty years younger. Additionally, despite acknowledging several factors which should have been considered as mitigating factors during his comments on the record, when he

4

specifically listed the mitigating factors, he listed only two-the hardship to the family (which he discounted as being present in every case) and Mr. Gordon's lack of a prior criminal record. The judge did not consider as mitigation, those factors set forth in article 894.1(B)(23), (24), (27), (29), and (33). Most important is Mr. Gordon's repeated and extreme remorse for the crime. He even apologized during the commission of the crime which suggests he did not contemplate that his actions would threaten serious harm. Furthermore, Mr. Gordon's mental state at the time of the crime was outlined in detail by the judge but was given little or no weight in the ultimate sentence. The judge acknowledged that the bank had been made whole but, despite this, he found the economic loss to the bank to be an aggravating factor.

Considering the above arguments regarding the trial court's failure to adequately apply aggravating and mitigating factors and the comparison of sentences for similar crimes, I conclude there was a reasonable possibility that the trial court would have reconsidered the sentence and reduced the sentence to be commensurate with the circumstances of Defendant's actions and the legislative intent behind the punishment. The legislature created a sentencing range for armed robbery of no less than ten years and no more than ninety-nine years—an eighty-nine year spread. The vast spread was because there are multiple and varying circumstances involved in the crime of armed robbery as noted above, and the trial courts are granted much leeway in which to impose punishment.

For the reasons previously articulated, Defendant's sentence makes no meaningful contribution to acceptable penal goals and is, therefore, constitutionally excessive in this case. For the foregoing reasons, I respectfully dissent.