BROWN, Chief Judge.
11 Defendant, Gilbert M. Tyler, was charged by a bill of information with two counts of attempted first degree murder and a third count of simple burglary. A jury convicted him of attempted first degree murder and attempted second degree murder. He was found not guilty on the burglary count. He was sentenced to serve 50-year terms of imprisonment at hard labor on each count. The terms were without benefits and to be served concurrently. Defendant has appealed his sentences as excessive. We affirm.

Facts

On March 29, 2008, Monroe City Police Officers Jared DeSadier and Stephen Snowberger responded to a domestic disturbance call at the Parkview Apartments in Monroe, Louisiana. The call had been placed by Catonya Travis who alleged that defendant, her ex-boyfriend, had entered her apartment and taken her keys.
Officers DeSadier and Snowberger arrived in separate patrol units. Officer De-Sadier was the first to make contact with the victim and defendant outside of one of the apartment buildings. The victim pointed to defendant, who was leaning up against an exterior wall of the building, and identified him as the person who had taken her keys. Officer DeSadier asked defendant if he could speak to him; defendant’s only response was to smile and place his right hand into his pocket. Officer DeSadier asked defendant to take his hand out of his pocket and told defendant that he only wanted to speak to him. Defendant smiled again before turning and fleeing.
^Officer DeSadier gave chase through the apartment complex and repeatedly called for defendant to stop. Defendant pulled a silver pistol from his waistband with his right hand and, aiming over his left shoulder, fired five shots at Officer DeSadier. Officer DeSadier shot back once. Officer Snowberger joined in the chase.
Defendant ran out of the complex through the southeast gate and in and out of a ditch. While defendant was in the ditch, Officer DeSadier again fired his gun. Once out. of the ditch, defendant turned *844 and fired several more shots at both officers. Both officers took cover. Defendant ran down Stacy Drive and was apprehended several hours later by police officers combing the area. The weapon, a 9 mm pistol, was found wrapped in a black T-shirt outside the home of a nearby resident, who reported that when he had arrived home a short while earlier he found defendant inside his house. Shell casings found at the shooting scene were matched to the 9 mm pistol.
Defendant was charged with the attempted first degree murder of both officers and simple burglary. After a jury trial, defendant was found guilty as charged of the attempted first degree murder of Officer Jared DeSadier, guilty of the responsive verdict of attempted second degree murder of Officer Stephen Snowber-ger, and not guilty of simple burglary. He received concurrent 50-year sentences. The record does not reflect that a motion to reconsider sentence was filed. This appeal followed. The sole assignment of error is that the sentences were excessive.
| ^Discussion
The maximum sentence for the crimes of both attempted first degree murder and attempted second degree murder is 50 years’ imprisonment at hard labor without benefits. La. R.S. 14:27(D)(1)(b); La. R.S. 14:80(0; La. R.S. 14:30.1(B).
Defendant asserts that his sentences are constitutionally excessive because they are “grossly disproportionate to the considerable mitigating evidence” regarding defendant’s youth, lack of education and lack of criminal history. Defendant also alludes to the recent killing of three police officers in the Monroe area as creating an atmosphere in which a sentence specifically tailored to him could not be imposed.
Defendant was 19 years old at the time of this crime and according to a PSI report had no prior criminal record. There was also a short personal background on defendant, including that he was the fourth of five children born to a single mother. Defendant was in and out of group homes for reasons that he would not provide. He attended school through the tenth grade, and then he was expelled for what defendant described as “being bad.” The PSI report indicates that defendant would give no further details about his background and that he “showed no concern for what he had done ... barely cooperated with the interview process and seemed detached from any emotional connection for his actions.”
The trial court noted that maximum sentences should be reserved for the most serious violations and for the worst offenders. With that in mind, the trial court recited the circumstances of defendant’s crime and the [ contents of the PSI report. The trial court focused on the nature of defendant’s conduct and noted his lack of appreciation for the seriousness of the conduct. The court listed as aggravating factors that defendant knowingly created a risk of death or great bodily harm to more than one person, including bystanders; that defendant used a dangerous weapon in the commission of the offense; and defendant’s lack of remorse.
The trial court took note of defendant’s lack of justification and his apparent amusement in commission of the instant offenses. In a statement to the court at sentencing, Officer DeSadier found defendant’s conduct disturbing given that the initial dispute was simply about giving a set of keys back to his estranged girlfriend. Although defendant had no prior felony record, he entered the ranks of felony offenders by attempting the most serious of crimes, the murder of law enforcement officers. He, likewise, endangered bystanders in the apartment com *845 plex. Given defendant’s behavior and lack of appreciation for its seriousness, the trial court did not err in concluding that defendant posed a continuing threat warranting the maximum penalty.
A sentence violates La. Constitution Art. 1, § 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Dorthey, 623 So.2d 1276 (La.1993); State v. Lobato, 603 So.2d 739 (La.1992). A sentence is deemed grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the Usense of justice or makes no reasonable contribution to acceptable penal goals. State v. Guzman, 99-1528, 99-1753 (La.05/16/00), 769 So.2d 1158.
The trial court found that the aggravating circumstances “greatly outweigh” defendant’s lack of criminal history, that he posed an imminent threat to the public, and that any lesser sentences would deprecate the seriousness of the offenses. The sentencing court has wide discretion in imposing a sentence within statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of that discretion. State v. Williams, 03-3514 (La.12/13/04), 893 So.2d 7. Although the sentences are the maximum for the offenses of conviction, they are not out of proportion to the offenses or to this offender.

Conclusion

For the reasons set forth above, defendant’s convictions and sentences are AFFIRMED.