NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-924

STATE OF LOUISIANA

VERSUS

SHARONDA ALFREDNETTE OBEY

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 34316-11
HONORABLE CLAYTON DAVIS, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JIMMIE C. PETERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and John D. Saunders and Jimmie C. Peters, Judges.

AFFIRMED.

John F. DeRosier
District Attorney
Carla S. Sigler
Karen C. McLellan
Assistant District Attorneys
Fourteenth Judicial District
P. O. Box 3206
Lake Charles, LA 70602-3206
(337) 437-3400
COUNSEL FOR APPELLEE:
    State of Louisiana

**Brent A. Hawkins**
**Louisiana Appellate Project**
**P. O. Box 3752**
**Lake Charles, LA 70602-3752**
**(337) 502-5146**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Sharonda Alfrednette Obey**

**PETERS, J.**

On August 18, 2011, a Calcasieu Parish Grand Jury returned a true bill charging the defendant, Sharonda Alfrednett Obey, with two counts of attempted first degree murder, violations of La.R.S. 14:27 and 14:30. Thereafter, on January 23, 2012, the defendant pled guilty to both counts. On March 21, 2012, the trial court sentenced the defendant to serve fifty years at hard labor without benefit of parole, probation, or suspension of sentence on both counts. The trial court ordered that the sentences run concurrent to one another. On September 24, 2012, the trial court granted the defendant an out-of-time appeal, and she is now before us asserting three assignments of error, all relating to her sentences. For the following reasons, we affirm the sentences imposed in all respects.

### DISCUSSION OF THE RECORD

At the plea hearing, the State of Louisiana (state) provided the trial court with the summary of the facts surrounding the offenses. Specifically, the state informed the trial court that on July 22, 2011, the defendant armed herself with a firearm and entered a Calcasieu Parish store having the specific intent to kill Tracy Rankins and Shaunshalee Beerios. After entering the store, the defendant discharged the weapon a number of times, striking both Ms. Rankins and Ms. Beerios. The state's factual assertion at the plea hearing also established that Ms. Rankins was struck at least five times when the defendant opened fire.

At the sentencing hearing, the state produced testimony establishing that as a result of her injuries, Ms. Rankins permanently lost the use of both her hands and legs. The state also pointed out to the trial court that the defendant planned the offenses in that she took a weapon, drove to the shopping center on Prien Lake Road, went into one store and loaded the weapon, and then went into the store where she found and shot Ms. Rankins and Ms. Beerios.

In her appeal, the defendant asserts the following assignments of error:

1. The trial court erred in sentencing the offender to two 50-year maximum sentences without articulating a factual basis and/or giving adequate consideration to aggravating and mitigating circumstances, as required by La.Code Crim.P. art. 894.1.

2. The two 50-year maximum sentences imposed by the trial court are unconstitutionally excessive sentences for the offender in this case.

3. The trial court committed error patent by failing to give offender credit for time served as part of the sentence.

### *Assignment of Error Number One*

Although the defendant asserts that the trial court failed to articulate the reasons for the sentences as required by La.Code Crim.P. art. 894.1, she failed to object at the sentencing proceeding and failed to file a motion to reconsider the sentences imposed. That being the case, this argument cannot be raised for the first time on appeal. La.Code Crim.P. art. 881.1(E); Uniform Rules—Courts of Appeal, Rule 1-3; *State v. Blue*, 09-1111 (La.App. 3 Cir. 4/7/10), 34 So.3d 447. Thus, we decline to consider this assignment of error.

### *Assignment of Error Number Two*

Louisiana Revised Statutes 14:30 provides that "the [first degree murder] offender shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The provisions of C. Cr.P. Art[.] 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply." With regard to a conviction of attempted first degree murder, La.R.S. 14:27(D)(1)(a) provides that "[i]f the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not less than ten nor more than fifty years without benefit of parole, probation, or suspension of sentence." Thus, the defendant received the maximum sentence within the

2

statutory limit on each count. In this assignment of error, she asserts that these fifty-year sentences are excessive.

As previously stated, the defendant did not object to her sentences, nor did she file a motion to reconsider her sentences pursuant to La.Code Crim.P. art. 881.1. This court addressed the effect of such a failure in *State v. Davis*, 06-922, p. 2 (La.App. 3 Cir. 12/29/06), 947 So.2d 201, 202-03, with the following analysis:

> According to La.Code Crim.P. art. 881.1, failure to make or file a motion to reconsider sentence precludes a defendant from raising, on appeal, any objection to the sentence. When the record does not indicate that any objection was made regarding sentencing, the defendant is precluded from appealing his sentence. *State v. Williams*, 01-998 (La.App. 3 Cir. 2/6/02), 815 So.2d 908, *writ denied*, 02-578 (La.1/31/03), 836 So.2d 59.

> Although Defendant's sentencing claim is barred pursuant to La.Code Crim.P. art. 881.1, we will review Defendant's sentence for bare excessiveness in the interest of justice. *State v. Graves*, 01-156 (La.App. 3 Cir. 10/3/01), 798 So.2d 1090, *writ denied*, 02-29 (La.10/14/02), 827 So.2d 420.

Additionally, in *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042-43, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331, this court set forth the standard to be used in reviewing excessive sentence claims:

> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

With regard to the review of the trial court's sentence, this court has adopted the rationale of the fifth circuit's holding in *State v. Lisotta*, 98-648, p. 4 (La.App. 5 Cir. 12/16/98), 726 So.2d 57, 58, *writ denied*, 99-433 (La. 6/25/99), 745 So.2d 1183, wherein it stated that the reviewing court should consider "(1) the nature of the crime, (2) the nature and background of the offender, and (3) the sentence imposed for similar crimes . . ." in determining whether the trial court abused its broad discretion. *State v. Whatley*, 03-1275, p. 6 (La.App. 3 Cir. 3/3/04), 867 So.2d 955, 959.

In applying the three *Lisotta* factors to the defendant's sentences in this matter, we first note that "[m]aximum sentences are reserved for the most serious violations and the worst offenders." *State v. Farhood*, 02-490, p. 11 (La.App. 5 Cir. 3/25/03), 844 So.2d 217, 225. We also note that the offense of attempted first degree murder is clearly a serious offense which, as in this case, can lead to catastrophic results. In fact, this was not a spur of the moment offense. The defendant armed herself and hunted her victims down. When she found them, she shot both Ms. Rankins and Ms. Beerios. Ms. Rankins was struck five times, received treatment from five different hospitals, and is permanently paralyzed. Ms. Beerios was struck at least once.

Josephine Weldon Clement, a member of Ms. Rankins' family testified at the sentencing hearing and pointed out that Ms. Rankins was not the only victim of the offense. She explained that Ms. Rankins' injuries reduced her to a homeless individual completely reliant on her family for care. Not only did this cause a personal strain on her family, but economic help has not been forthcoming, and the impact of her medical care has been devastating. Additionally, Ms. Clement explained that not only has Ms. Rankins' children lost the personal care of their mother, they have lost even the smallest expression of love in that their mother can

4

no longer even hug them.  As Ms. Clement suggested, Ms. Rankins' entire physical life has been reduced to "shrug[ging] her shoulders" and an ability to talk; and "the quality of life for all [of Ms. Rankins'] family has been tarnished to a maximum degree."

The record before us contains nothing concerning the injuries sustained by Ms. Beerios, and the only reference to her involvement is the state's assertion at the plea proceeding that based on her subsequent statements, the defendant intended to kill Ms. Beerios as well as Ms. Rankins.  The defendant's intention of killing multiple victims is made even more repulsive by her choice of venue for the attack, which placed untold innocent members of the public at risk of being struck by a stray shot.

With regard to the second factor, the record contains little evidence.  The trial court ordered a pre-sentence investigation report (PSI) before sentencing, but the report is not in the record before us.  However, the defendant's counsel referred to the PSI and noted the defendant's remorse as well as her lack of criminal record.  After hearing the testimony of Ms. Clement, considering a letter provided on behalf of the defendant, and listening to the arguments of counsel, the trial court stated the following in its brief reasons for sentencing:

> I appreciate your comments.  And, you know, some sentencings are a lot easier than others because people have criminal histories and have done things that are incredibly tragic.  This was obviously incredibly tragic, but there were some obvious emotional issues going on that led someone like you to do something that appears to be entirely out of character.  And I am aware and appreciate the fact that you stepped up and owned up to it and pled guilty, and have admitted all along the way, even on that day, that you committed this crime.  I look at that as something you did for your own soul, that you felt like you had to step forward and admit, because it was out of character.  Nonetheless, there are crimes that are committed that we have to use as an example to our community, that there's no way you can tolerate what has happened and mitigate in any way the punishment, and this is one of those, where you walk into a dress store and start shooting at people.

5

The defendant asserts on appeal that the trial court's use of the phrase "as an example to our community" establishes that the sentence was not individualized to her. However, the defendant also asserts on appeal that the trial court's conclusion that the offenses committed by the defendant were "entirely out of character" constituted a finding that she is not one of the worst offenders. When considering the trial court comments as a whole, we conclude that they establish that the trial court was aware of the defendant's personal traits and balanced those traits against the violent and tragic nature of the offenses.

In considering the third *Lisotta* factor, we note that sentences for attempted-first-degree murder offenses vary significantly, but in cases where the offender had a significant criminal history and the victims are police officers, the reviewing courts have upheld the maximum sentence. *See State v. Clark*, 10-559 (La.App. 3 Cir. 12/8/10), 52 So.3d 304; *State v. Thompson*, 39,454 (La.App. 2 Cir. 3/2/05), 894 So.2d 1268. Additionally, in *State v. Tyler*, 47,220 (La.App. 2 Cir. 6/20/12), 93 So.3d 842, *writ denied*, 12-1552 (La. 1/25/13), 105 So.3d 64, the second circuit affirmed two concurrent fifty-year sentences for attempted first degree murder and attempted second degree murder. In *Tyler*, the defendant lacked a criminal history but fired on two police officers, and bystanders were endangered because the offenses occurred at an apartment complex. While *Clark*, *Thompson*, and *Tyler* all involved police-officer victims, the current matter is equally serious. Also, although *Clark* and *Thompson* are distinguishable from *Tyler* in that they both involved shootings by defendants with significant criminal histories, a comparison of sentences is not definitive. *See, e.g., State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir. 1991).

6

The planning of the offense, the number of shots fired, the significance of the injuries to one of the victims, and the selected venue of the offense causes this case to fall into the category of "the most serious violations and the worst offenders." *Farhood*, 844 So.2d at 225. Thus, we find no abuse of the trial court's wide discretion in sentencing the defendant to concurrent maximum sentences. We find no merit in this assignment of error.

### *Assignment of Error Number Three*

In her third and final assignment of error, the defendant asserts that the trial court erred in failing to give her credit for time served as required by La.Code Crim.P. art. 880(A). We find no merit in this assignment as this article is self-operating. *State v. Hebert*, 97-1742 (La.App. 3 Cir. 6/3/98), 716 So.2d 63, *writ denied*, 98-1813 (La. 11/13/98), 730 So.2d 455.

### DISPOSITION

For the foregoing reasons, we affirm the sentences imposed in all respects.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.