# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 23-759


**STATE OF LOUISIANA**

**VERSUS**

**SCOTT ROBERT SWANK**

**********
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 16-250542
HONORABLE ANTHONY THIBODEAUX, DISTRICT JUDGE

**********

## JONATHAN W. PERRY
## JUDGE

**********

Court composed of Van H. Kyzar, Jonathan W. Perry, and Guy E. Bradberry, Judges.


**AFFIRMED.**

**M. Bofill Duhé**
**District Attorney, Sixteenth Judicial District**
**W. Claire Howington**
**Assistant District Attorney**
**300 Iberia Street, Suite 200**
**New Iberia, LA 70560**
**(337) 369-4420**
**COUNSEL FOR APPELLEE:**
        **State of Louisiana**

**John Kevin Stockstill**
**Attorney at Law**
**143 Rideway Drive, Suite 220**
**Lafayette, LA 70503**
**(337) 262-0203**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Scott Robert Swank**

**Katherine G. Guillot**
**Attorney at Law**
**412 Travis Street, Suite 210**
**Lafayette, LA 70503**
**(337) 344-3384**
**COUNSEL FOR DEFENDANT/APPELLANT:**
        **Scott Robert Swank**

**PERRY, Judge.**

In this criminal appeal, Scott Robert Swank ("Defendant") appeals the sentence he received for negligent homicide. We affirm Defendant's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY**

This case was previously before us. In *State v. Swank*, 22-747, pp. 1–2 (La.App. 3 Cir. 5/3/23), (unpublished opinion) (2023 WL 3217998), the facts were outlined as follows:

> The defendant, Scott Robert Swank, pled guilty to one count of negligent homicide in accordance with a plea agreement. The following factual basis was presented by the state at the defendant's guilty plea:
>
> > On Sunday, August 14, 2016, at approximately 1009 hours, Trooper Abner Williamson was dispatched to assist with a two-vehicle crash with injuries on I-10 eastbound on the basin bridge in St. Martin Parish. The crash was investigated, turned into a fatality investigation shortly after he arrived on scene. There were two other individuals injured in Vehicle 2. Vehicle 1 in the crash was a gray Dodge 2500 [with a twenty-four-foot trailer], and Vehicle 2 was a maroon Honda van. Vehicle 1 was traveling east on I-10 in the left lane. Vehicle 2 was traveling east on I-10 in the right lane of travel adjacent to Vehicle 1. Vehicle 1, that vehicle driven by Mr. Scott Swank, crossed the center line and entered Vehicle 2's lane of travel. Vehicle 1 struck Vehicle 2 and then re-entered the left lane of travel and exited the roadway on the north shoulder. After exiting the roadway on the north shoulder, Vehicle 1 made a second impact with the bridge rail. Vehicle 1 then came to a controlled rest on the south shoulder of the roadway. Trooper Alexander arrived on scene to attempt to clear the roadway.
> >
> > Upon Officer Williamson—Officer Abner Williamson approaching the scene, he met with the driver of Vehicle 1, that being Mr. Scott Swank, and he observed that he had unsure balance, red watery eyes, and slow slurred speech. Mr. Swank was behaving in a very odd manner and very slow and sluggish. Trooper Williamson asked Mr. Swank if he was on any medication, and he advised that he takes several medications, including

muscle relaxers and OxyContin. Trooper Williamson asked Mr. Swank if he would perform three standardized field sobriety tests. Mr. Swank advised that he would perform the tests. Mr. Swank did not perform the test properly. Mr. Swank was advised of his rights per *Miranda* and placed under arrest. Mr. Swank was searched incident to arrest and placed in the patrol unit.

And as a result, there was a blood draw in this case.

As noted in the state's brief, a State Police Drug Recognition Expert performed an evaluation on the defendant and reported that he was "impaired by narcotic analgesics and CNS Depressants."

On July 21, 2017, the defendant was charged by bill of information with one count of vehicular homicide while under the influence of a controlled dangerous substance, a violation of La.R.S. 14:32.1(A)(3), and two counts of first degree vehicular negligent injuring, violations of La.R.S. 14:39.2.[1] The bill was amended on February 16, 2022, to properly reflect the defendant's name and to amend count one to negligent homicide, a violation of La.R.S. 14:32, in accordance with a plea agreement. The defendant withdrew his previous plea of not guilty and entered a plea of guilty to one count of negligent homicide. The state nolle prossed the remaining charges. The trial court accepted the defendant's guilty plea, acknowledging that the defendant pled to a cap of five years at hard labor.

After a sentencing hearing on May 27, 2022, the trial court sentenced the defendant to five years at hard labor with all but one year suspended. On June 24, 2022, the defendant filed a Motion to Reconsider Sentence, arguing the sentence was excessive. On June 27, 2022, the motion was denied without a hearing. The trial court granted the defendant an appeal on July 19, 2022.

After finding an error patent when we reviewed the record in Defendant's prior appeal, this court did not reach Defendant's two assignments of error. Instead, finding that the trial court failed to place Defendant on probation and failed to specify the number of years he was to serve on probation, as required by La.Code Crim.P. art. 893, we vacated Defendant's sentence and remanded the case to the trial

---

[1] Rebecca Henry, one of the injured victims, testified that she had a broken hand, cracked ribs, and some internal bleeding as a result of the crash and that it took more than six months for her to physically heal.

2

court for resentencing in accordance with La.R.S. 14:32 and La.Code Crim.P. art. 893.

At a resentencing hearing on August 25, 2023, the trial court, pursuant to a stipulation between the parties, resentenced Defendant to five years at hard labor, with all but one year suspended, and three years of supervised probation, with special conditions requiring Defendant to undergo substance abuse evaluation, complete a driver improvement course and victim impact program, and maintain an appeal bond.

On September 25, 2023, Defendant filed a motion to reconsider sentence, simply arguing the sentence was excessive. On October 4, 2023, the trial court denied Defendant's motion without a hearing. Later, on October 23, 2023, the trial court granted Defendant an appeal.

## ASSIGNMENTS OF ERROR

1. In sentencing [Defendant] to a period of incarceration the trial court erred in failing to give greater weight to the numerous mitigating factors present in this case – that outweigh the aggravating factors claimed to be present in this case – as set forth in Louisiana Code of Criminal Procedure article 894.1.

2. The trial court's imposition of a sentence of one year at hard labor for the crime of negligent homicide was excessive and constitutes cruel and unusual punishment under the Eighth Amendment to the United States Constitution and Article 1, Section 20 of the Constitution to the United States as the offense of negligent homicide statutorily requires "criminal negligence" and such disregard of the interest of others that the offender's conduct amounts to a gross deviation below the standard of care expected to be maintained by a reasonably careful man under like circumstances.

## ASSIGNMENT OF ERROR NO. 1

### Defendant's Argument

Defendant contends the trial court erred when it failed to accord sufficient

3

weight to the mitigating factors enumerated in La.Code Crim.P. art. 894.1.

## State's Position

In response, the State submits that Defendant's argument in this regard is not properly before this court because he failed to object to the weighing of mitigating factors in his motion to reconsider sentence.

## Analysis

Louisiana Code of Criminal Procedure Article 881.1(E) provides:

> Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.

Louisiana Code of Criminal Procedure Article 881.2(A)(1) (emphasis added) further provides, in pertinent part, that "[t]he defendant may appeal or seek review of a sentence based on any ground *asserted in a motion to reconsider sentence*."

After carefully reviewing Defendant's motion to reconsider sentence, we find he failed to provide specific grounds, particularly the failure of the trial court to properly weigh the mitigating factors enumerated in La.Code Crim.P. art. 894.1, in his motion. Therefore, this court is precluded from reviewing Defendant's assignment of error.

## ASSIGNMENT OF ERROR NO. 2

### Defendant's Argument

Defendant contends that his sentence of one-year at hard labor for the crime of negligent homicide is excessive because he "has lived his entire life working under protocols and procedures and has no criminal record." He further argues that he continues to feel remorseful and lives a law-abiding life, and he has "followed all of the rules and condition imposed on him by the court system, cooperated with the

4

process, and taken responsibility for his actions." Additionally, Defendant argues incarceration of any length would be an excessive hardship on him and his dependents because of his mental condition and a recent procedure in which a medical implant was installed in his body to administer pain relief, and because criminal confinement would prohibit him from receiving necessary medications. Finally, Defendant contends that the trial court was not prohibited from granting him a suspended sentence, and nothing prevented the trial court from requiring him to serve his sentence under house arrest. Thus, he maintains that although four years of his sentence were suspended, a prison sentence is not justified.

### State's Position

The State argues that Defendant is prohibited from seeking appellate review of his sentence because it was imposed in conformity with a sentencing range or sentencing cap established in a plea agreement which included a sentencing cap of five years. Thus, it contends that Defendant should not be permitted to unilaterally change the terms of his plea agreement/stipulation and should not be permitted to further delay the execution of his sentence.

However, in the alternative, the State contends that Defendant's sentence is justified because he chose to drive while impaired by prescription medication and continued to drive even after being involved in another accident earlier in the day. Because of Defendant's poor choices, he caused one person to lose her life, and he caused significant injuries to the other victims and their families. Despite Defendant's voluntary choices and his guilty plea, Defendant continues to shift blame from himself to circumstances purportedly out of his control such as the weather and malfunctioning equipment on his vehicle. Moreover, the State points out that Defendant received a substantial reduction in his sentencing exposure

5

because of a guilty plea to negligent homicide rather than vehicular homicide and first degree vehicular negligent injuring. Finally, the State stresses that the trial court accommodated Defendant when it extended the executory date of his original sentence to allow the stabilization of Defendant's medical condition after he received a medical implant.

**Analysis**

From the outset, we must determine if we can review Defendant's sentence which was imposed in conformity with a stipulation.

Louisiana Code of Criminal Procedure Article 881.2(A)(2) provides, in pertinent part, that "[a] defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea." As discussed in *State v. Clayton*, 10-1303, p. 2 (La.App. 3 Cir. 5/4/11), 64 So.3d 418, 421, *writ denied*, 11-1015 (La. 11/4/11), 75 So.2d 923, "[t]his provision applies to sentences, sentence ceilings, sentence ranges, and sentence caps agreed to by defendants in plea agreements." Nevertheless, pursuant to La.Const. art. 1, § 19, defendants who are sentenced to imprisonment are entitled to judicial review of their sentences, unless intelligently waived.

As outlined below, our review of the record raises questions about whether Defendant could have contemplated he was waiving his right to appeal as part of his stipulation. In the present case, there is no doubt that Defendant stipulated to a specific sentence of five years at hard labor, all but one year suspended, with three years of probation with special conditions. Nevertheless, the record further shows that the trial court summarized the stipulation, as follows:

> And correct me if I'm wrong. The stipulation is the sentence will be five years at hard labor suspend all but one year. I'll place him on three years' supervised probation which is the maximum time that I can

6

place him on probation under the usual conditions of Article 895.A of the Louisiana Code of Criminal Procedure. I will also impose the special conditions that he undergo a substance abuse evaluation and follow all recommendations by the evaluator and he will complete a driver improvement course and a victim impact panel and the appeal bond is going to be maintained, the one that he was previously ordered and has provided. Okay?

After Defendant affirmed the trial court's summary, defense counsel requested a status date to "check in with, Your Honor, as to what's going on with the pendency of the appeal[.]" Thereafter, the trial court agreed, and the following statement was made by the State:

> Ms. Louviere [State's attorney]: And, Your Honor, we can put on the record I guess – the State's position would be that we would want him to start his sentence, however, the defense attorney has indicated that he intends to refile the appeal to litigate the issues that [the appellate court] did not consider.
>
> Mr. Stockstill [Defense attorney]: Correct.
>
> Ms. Louviere: Whenever they vacated the sentence and so the Court – it's my understanding intends to continue him out on his post-sentencing bond until those issues are resolved.

Against that backdrop, the State asserts that even though it was aware of Defendant's intention to appeal the new sentence, Defendant did not specifically reserve his right to appeal pursuant to the stipulation. In framing the question in this manner, we find the State asks the wrong question. The question before this court is not whether Defendant explicitly reserved his right to appeal his sentence but whether he could have contemplated that by entering the stipulation he intelligently waived his constitutional right to appeal his sentence. We find that the record shows that Defendant could not have intelligently waived that right.

Notwithstanding the fact that Defendant's stipulation does not contain an explicit reservation of that appeal right, the trial court specifically referenced Defendant's appeal bond. As admitted by the State, the purpose of maintaining this

7

bond is to allow Defendant to "refile the appeal to litigate the issues that [this court] did not consider[ ]" in the earlier appeal. Even without a strained reading of the record, it is possible to read into the stipulation an implied reservation to appeal those issues originally raised. As all the parties were aware, the issues raised in that earlier appeal exclusively pertained to Defendant's sentence. Accordingly, we will address Defendant's arguments relative to his newly imposed sentence.

In *State v. Soileau*, 13-770, 13-771, pp. 4–5 (La.App. 3 Cir. 2/12/14), 153 So.3d 1002, 1005–06 (first alteration in the original), *writ denied*, 14-452 (La. 9/26/14), 149 So.3d 261, we set out the following guidelines regarding constitutionally excessive sentence review:

> Sentences within the statutory sentencing range can be reviewed for constitutional excessiveness. *State v. Sepulvado*, 367 So.2d 762 (La.1979). In *State v. Barling*, 00-1241, 00-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042–43, *writ denied*, 01-838 (La.2/1/02), 808 So.2d 331, a panel of this court discussed the review of excessive sentence claims, stating:

>> La. Const. art. I, § 20 guarantees that, "[n]o law shall subject any person to cruel or unusual punishment." To constitute an excessive sentence, the reviewing court must find the penalty so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and is, therefore, nothing more than a needless imposition of pain and suffering. *State v. Campbell*, 404 So.2d 1205 (La.1981). The trial court has wide discretion in the imposition of sentence within the statutory limits and such sentence shall not be set aside as excessive absent a manifest abuse of discretion. *State v. Etienne*, 99-192 (La.App. 3 Cir. 10/13/99); 746 So.2d 124, *writ denied*, 00-0165 (La.6/30/00); 765 So.2d 1067. The relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *State v. Cook*, 95-2784 (La.5/31/96); 674 So.2d 957, *cert. denied*, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).

> Further, in reviewing the defendant's sentences, the appellate court should consider the nature of the crime, the nature and

background of the offender, and the sentences imposed for similar crimes. *State v. Lisotta*, 98-648 (La.App. 5 Cir. 12/16/98), 726 So.2d 57 (citing *State v. Telsee*, 425 So.2d 1251 (La.1983)), *writ denied*, 99-433 (La.6/25/99), 745 So.2d 1183. In *State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La.5/30/03), 845 So.2d 1061, a panel of this court observed that:

> While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." *State v. Batiste*, 594 So.2d 1 (La.App. 1 Cir.1991). Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case." *State v. Cook*, [674 So.2d at 958].

Looking first to the nature of the offense, Defendant voluntarily pleaded guilty to negligent homicide, which is defined as "[t]he killing of a human being by criminal negligence." La.R.S. 14:32(A)(1). In providing a factual basis for Defendant's guilty plea, the record shows that Defendant killed one person and two others were injured when he struck a smaller Honda van with his Dodge 2500 while crossing lanes on the I-10 Basin Bridge; at the time, the Dodge truck was pulling a twenty-four-foot trailer. This was not the first accident that day in which Defendant was involved. As further noted in the record, a State Police Drug Recognition Expert performing an evaluation of Defendant reported that Defendant was "impaired by narcotic analgesics and CNS Depressants[,]" Defendant performed poorly on the standardized field sobriety tests, and at the scene Defendant informed officers that he was taking several medications, including muscle relaxers and OxyContin. Finally, the record shows Defendant admitted that his conduct rose to the level of criminal negligence.

Next, we turn our attention to the nature and background of Defendant. In imposing sentence, the trial court noted that although Defendant had an auto

9

accident earlier in the day, he had no history of prior delinquency or criminality. It also observed that Defendant compensated the victims with an insurance payment of $500,000.00 and found Defendant would respond positively to probationary treatment.

After that, we must compare sentences imposed for similar offenses. Louisiana Revised Statutes 14:32(C)(1) provides that negligent homicide is punishable by imprisonment with or without hard labor for not more than five years and/or a fine of not more than $5,000.00. Defendant's sentence is significantly below the maximum sentence. After reviewing similar offenses, we find the jurisprudence shows Defendant's sentence is below the average for negligent homicide cases involving motor vehicle accidents where the driver was impaired. *See State v. Shell*, 16-873 (La.App. 3 Cir. 4/12/17), 216 So.3d 853 (a case where we upheld a four-year sentence at hard labor where the nineteen-year-old defendant, who had no prior record, was speeding, and he killed his passenger while he was under the influence of alcohol and amphetamines). *See also State v. Green*, 418 So.2d 609 (La.1982) (a case where the supreme court upheld a concurrent sentence of three years for each victim where the defendant, who had no prior record, killed a seventeen-year-old couple in another vehicle while driving under the influence); *State v. Daranda*, 398 So.2d 1053 (La.1981) (a five-year sentence at hard labor was not excessive punishment for a first offender found guilty of a single count of negligent homicide); *State v. Knight*, 45,231 (La.App. 2 Cir. 5/19/10), 36 So.3d 1163, *writ denied*, 10-1425 (La. 1/14/11), 52 So.3d 899 (a maximum sentence of five years was upheld where the defendant, who had first-offender status despite prior DWI convictions, killed his passenger while he was driving under the influence of alcohol); and *State v. Bailey*, 457 So.2d 94 (La.App.

10

4 Cir. 1984) (where the appellate court upheld a three-year sentence for a defendant, who as a second offender, killed a three-year-old child in another vehicle while speeding and driving under the influence of alcohol).

Finally, it is apparent that Defendant received a substantial benefit when he pleaded guilty to negligent homicide instead of the State's original charge of vehicular homicide which carried a sentencing range of five to thirty years and a fine not less than two thousand dollars nor more than fifteen thousand dollars. La.R.S. 14:32.1(B). In cases where a defendant receives a significant reduction in potential exposure through a plea agreement, an appellate court grants further deference to the trial court's sentencing decisions even if the maximum sentence is imposed for the pled offense. *See State v. Harville*, 23-413 (La.App. 3 Cir. 11/29/23), 374 So.3d 1139.

Even though we vacated Defendant's original sentence because the trial court failed to place him on probation and further failed to specify the number of years he was to serve on probation, as required under La.Code Crim.P. art. 893, we find the trial court's justification for imprisonment worthy of mention. At sentencing, the trial court observed that Defendant "had the capacity to use good judgment instead of total disregard for it after the first accident[.]" Defendant's decision to continue driving that day "create[d] a risk of death or great bodily harm to more than one person, certainly to a criminally negligent degree." Thus, the trial court concluded that any sentence less than imprisonment "would deprecate the seriousness of [Defendant's] crime." Incarceration for one year for criminal negligence which caused the death of another person is neither grossly disproportionate nor does it shock the conscience, particularly when the sentence is a stipulated sentence that substantially benefitted Defendant. Considering the

11

foregoing, we find the trial court did not abuse its discretion when it imposed a five-year sentence at hard labor, suspended all but one year, and further required Defendant to serve three years supervised probation.

## ERRORS PATENT REVIEW

In accordance with La.Code Crim.P. art. 920, we review all appeals for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## DECREE

For the foregoing reasons, we affirm Defendant's conviction and sentence.

**AFFIRMED.**